*William C. Harrington* and *Thaddeus Rice*, for defendant.

*Levi House* and *Eleazer Keys*, for plaintiff.

———— ✠ ⬥ ✠ ————

STATE *against* S. L.

INFORMATION by the State Attorney, for that the defendant, on the 22d of *April*, 1802, *vi et armis* stole, took, and carried away from the dwelling-house of *Alfred Williams*, in *St. Albans*, 106 muskrat skins, of the value of 40 dollars, and 6 racoon skins, of the value of 9 dollars, the proper goods and chattels of the said *Williams*, *contra formam statuti.*

Second count. That on the same day he received the same property from one *John Burbank*, knowing

Hathaway
v.
Smith.

A person may be holden to answer to an information for receiving stolen goods, knowing them to have been stolen *contra formam statuti,* though the principal has not been convicted.

State
v.
S. L.

the same to have been stolen, against the form, force, and effect of the statute in such case made and provided.

The defendant pleaded not guilty, and put himself on the country for trial.

The State Attorney, after full proof of the loss of the property by *Williams*, offered to go into evidence in support of the second count.

*Marsh*, for the defendant, objected, and insisted, that the defendant could not be convicted on the count for receiving stolen goods, until after the conviction of *Burbank*, the principal; and therefore all evidence in support of this count was impertinent.

The point was argued by *House* for the State, and by *Marsh* for the defendant.

After a recess, the Court delivered their opinion.

This point, though formerly much altercated in *England*, seems now to be settled by the decisions. under a succession of statute , a recurrence to which is important, as well to show upon what principles and how the point has been decided in the parent country, as to show why our own statute, upon which the information is founded, cannot be affected by the *English* statutes or decisions.

At common law, the receivers of stolen goods, knowing them to have been stolen, were not considered as accessaries; to constitute them such it was necessary that they should have actually concealed the felon, or for a reward favoured his escape.

But by the statute of the 3d of *William & Mary*, cap. 9. sec. 4. " If any person or persons shall buy or receive any goods or chattels that shall be feloniously taken or stolen from any other person, knowing the same to be stolen, he or they shall be taken and deemed an accessary or accessaries to such felony after the fact, and shall incur the same punishment as an accessary, &c. after the felony committed."

Here the receiver of stolen goods, knowing them to be stolen, is made an *accessary*, and the offence considered *a felony*.

In the judicial decisions under this statute, the receiver could not be punished until the conviction of the principal. On this account the receiver, who was frequently the patron and employer of the thief, escaped with impunity, so long as he could keep the principal from trial. To remedy this, the statute of 1 *Anne*, st. 2. c. 9. s. 2. passed eleven years after, enacted, " that it shall and may be lawful to prosecute and punish every such person or persons, buying or receiving any stolen goods, knowing the same to be stolen, as for *a misdemeanor*, to be punished by fine and imprisonment, though the principal felon be not before convicted of the said felony, which shall exempt the offender from being punished as an accessary, if the principal shall be afterwards convicted."

Another statute, passed in the 5th of the same reign, in the 5th section, enacts, " that if any person or persons shall receive or buy any goods or chattels that shall be *feloniously* taken or stolen from any other person, knowing the same to be stolen, or shall receive, harbour, or conceal any burglars, felons, or thieves, knowing them to be so, he or they shall be

taken as accessary or accessaries to the said *felony or felonies*, and being legally convicted by the testimony of one or more credible witnesses, shall suffer death, as a felon convict."

Subsequent immediately to this, it is provided, " that if any such principal felon *cannot be taken* so as to be prosecuted and convicted for any such offence, yet nevertheless it shall and may be lawful to prosecute and punish every such person and persons buying or receiving any goods stolen by any such principal felon, knowing the same to be stolen, as for a misdemeanor to be punished by fine and imprisonment, or other such corporal punishment as the Court shall think fit, although the principal felon be not before convicted of the said felony ; which shall exempt the offender from being punished as accessary, if such principal felon shall be afterwards taken and convicted." 5 *Anne*, c. 31. s. 5. and 6.

In the construction and application of these statutes to existing cases, new impediments appeared in the prosecution of receivers of stolen goods.

In the first place it was observed, that the statute of *William & Mary* had made the offence a *felony*, whilst the statute of 1 *Anne* had considered it as a misdemeanor, and punished it as such by fine and imprisonment, and exempted the offender in case the principal felon should afterwards be convicted ; and the statute of the 5th of *Anne* still considered the offence as a misdemeanor, but punished it corporally, and contemplated cases where the *principal cannot be taken.*

That if the prosecution was brought on the statute of *William & Mary.* the receiver could not be tried before conviction of the principal.

If on the 1st of *Anne*, the offender could only be punished by fine and imprisonment.

If on the 5th of *Anne*, it must be in cases only where the principal could not be taken. This expression implied, that there must be an endeavour to take, and therefore there must be some attempt, or at least some diligence used to apprehend the principal on the part of the prosecutor, before the receiver could be brought to trial; and it was insisted, that it should be averred in the indictment against the receiver, that the principal could not be taken. In the case of *The King* v. *Pollard & Taylor*, this latter point was made.

The defendants were severally indicted for receiving goods stolen by one *Foster*, knowing them to be stolen, as for a misdemeanor, upon the 5th of *Anne*. The defendants were found guilty, and motion in arrest; for that by the statute of *William & Mary* this offence was made felony, but by a subsequent statute, 5th of *Anne*, the receiver may be tried for a misdemeanor, if the principal cannot be taken; but if he could be taken, the receiver could not be prosecuted for a misdemeanor, and therefore it is necessary, in such an indictment as this, to aver that the principal felon could not be taken. But the Judges held, upon consideration of the statutes, that the prosecutor had his election to prosecute either for felony or misdemeanor, and though there had been several indictments for such offences, yet none have had any such averment as is insisted on to be necessary by the counsel for the defendant, and judgment was given for the prosecutor; but this decision, as to the election of the prosecutor, was afterwards doubted.

*State
v.
S. L.*

*Ld. Raym. vol.
2. p. 1370.*

State
v.
S. L.

Another difficulty arose, in that the statute of *William & Mary*, and the several statutes of *Anne*, had not distinguished between grand and petit larceny.

The statute of *William & Mary* had considered the offence of receiving stolen goods, knowing them to have been stolen, as a felony, and the offender as an accessary ; but if the principal thief had only committed petit larceny, this offence was not a felony, and in such case there could be no accessaries after the fact, whilst the several statutes of *Anne* had not made this distinction in case of those receivers who might be exempted from punishment as accessary, if the principal felon should afterwards be convicted.

To remedy these difficulties, in the reign of his present majesty of *England*, the parliament once more legislated upon this subject ; and by the stat. 22 *Geo.* III. c. 58. it is enacted, " that in all cases whatsoever, where any goods or chattels (except lead, iron, copper, brass, bell-metal, and solder, the receiving of which had been provided for by 29 *Geo.* II.) shall have been feloniously taken or stolen, whether the offence of the principal shall amount to grand larceny, or some greater offence, or to petit larceny only, (except where the person or persons actually committing the felony shall have been already convicted of grand larceny, or of some greater offence,) every person who shall buy or receive any such goods or chattels, knowing the same to have been so taken or stolen, shall be deemed guilty of and may be prosecuted for a misdemeanor, and shall be punished by fine, imprisonment, or whipping, as the Court of Quarter Sessions, who are hereby empowered to try

such offender, or as any other Court before whom he, &c. shall be tried, shall think fit, although the principal felon or felons be not before convicted of the said felony, and whether he, she, or they is or are amenable to justice or not; and in cases where the felony actually committed shall amount to grand larceny, or to some greater offence, and when the person or persons actually committing such felony shall not be before convicted, such offender or offenders shall be exempted from being punished as accessary or accessaries, if such principal felon or felons shall be afterwards convicted."

The law may therefore be considered as now settled in *England,*

First. That a receiver of goods or chattels, knowing them to have been stolen, may be convicted, although the principal be not convicted, whether he be amenable to justice or not, and this in case of grand or petit larceny.

Secondly. That when the offence in the principal amounts to grand larceny, and when the principal shall not be before convicted, the receiver shall be exempt from punishment as accessary, if the principal be afterwards convicted.

Thirdly. That when the offence in the principal amounts to petit larceny only, the receiver may be tried, convicted, and punished corporally for a misdemeanor before the conviction of the principal, whether the principal be amenable to justice or not; but he shall not be exempted from trial and punishment, if the principal shall be convicted.

The Legislature of this State, appearing to have been well aware of the various and complicated embarrassments which impeded the *British* Parliament

State
v.
S. L.

in maturing and perfecting this part of their criminal code, have so worded the statute upon which the second count in the information is founded, that our Courts of Justice can have none of those difficulties to encounter which so long exercised the ingenuity of counsel, and displayed the wisdom of *English* Judges.

*Vermont* Stat. vol. 1. p. 353. c. 33. s. 2.

The statute reads, " that if any person shall buy or receive any goods, chattels, or other hings taken or stolen from any other person, knowing the same to be stolen, or shall receive or harbour any thief or thieves, knowing him, her, or them to be such, the person so offending, on conviction thereof, shall be liable to the same punishment as is prescribed in the preceding section."

In the first place it is to be observed, that here is no distinction between fraud and petit larceny ; and none should be made, because our law does not acknowledge the *English* technical distinction between them, leaving the punishment of theft to be increased or ameliorated by the magistrates to a certain amount, on conviction, as the greater or less aggravation of the offence may require.

Secondly. Our statute does not secure to the receiver of stolen goods any exemption from punishment on conviction of the principal.

Thirdly. The Legislature, to avoid the difficulties which occurred in the construction and application of the *English* statutes, have omitted the term *feloniously*. In a strict and technical sense, theft is not with us a felony.

Fourthly. Upon the same principle they have omitted the term *accessary*, though, in other respects, our statute is transcribed from the 5th of *Anne*.

Fifthly. And also, the distinction betwixt the offence, considered as a felony or a misdemeanor.

And sixthly. Our statute does not even indirectly contemplate the conviction of the principal as having any effect upon the case of the receiver, as the *English* statutes do.

The Court consider the statute under consideration as made in aid of the moral law; that it well defines an offence, which certainly may exist, and may be prosecuted and proved without the conviction of the principal.

In support of the second count in the information, it is incumbent on the public prosecutor to show,

First. That a theft has been committed by some person.

Secondly. That the defendant knew of the theft.

Thirdly. That the defendant corruptly received the goods stolen. And,

Fourthly, which is the all-essential point, and might seem to include all the others, That he received the goods, knowing them to have been stolen. On showing this he will bring the defendant within the purview of the statute.

The Court have been more particular on this subject than might otherwise seem necessary, were it not that it is the first time this point in defence has been submitted to them.

It is for the Legislature to make laws, and this Court to construe them. If we construe them incorrectly, they can correct our decisions by future statutes. But when a statute offence is not merely *malum prohibitum*, but is against the common principles of morality, and the general sense of the community, the Court will ever give effect to such sta-

tute, and not unnecessarily create embarrassments in the administration of the laws, which may constantly require legislative aid to remove; for whoever observes the history of jurisprudence, will perceive, that such has been too often the case, to the obstruction of the due dispensation of justice.

If, however, a conviction should follow this interlocutory opinion, the prisoner may move in arrest of judgment for the improper admission of evidence in support of the second count in the information, and the Court will, on further argument, yield all that attention to the cause which the importance of the subject, especially as relative to him, may require.

Let the evidence be admitted.

The State Attorney failing to make out the *scienter* in the defendant, the Jury returned a verdict of not guilty.

*Levi House,* for the State.
*Amos Marsh,* or defendant.